## Salem

MARVIN BANES

v.

PULASKI DEPARTMENT OF SOCIAL SERVICES

No. 0463-85

Argued October 22, 1985

Decided February 18, 1986

464

COUNSEL

E. Wayne Sawyers, for appellant.

Roy David Warburton, for appellee.

OPINION

**COLEMAN, J.**—This appeal involves the termination of the residual parental rights of Marvin Banes to his six year old daughter. Banes asserts that the evidence concerning his conduct and the circumstances surrounding his daughter's situation were

not sufficient to prove neglect or warrant termination of his residual parental rights in accordance with Code § 16.1-283. We disagree and affirm the trial court.

The female child was born on August 2, 1979, to Ruby Bowden and Marvin Banes, out of wedlock. On June 17, 1982, because of neglect resulting from the mother's drinking problems and Banes' inactive interest in the child, the Pulaski Department of Social Services (Department) took custody of the infant, apparently by court commitment, and placed her in foster care. The residual parental rights of the mother were permanently severed in 1984, upon the petition of the Department.

Banes was advised by the Department that in order for his daughter to be returned to him he would be required to: (1) secure appropriate housing; (2) improve his parenting skills by attending parenting classes; (3) maintain visitation; (4) become an appropriate role model; and (5) accept responsibility for his behavior. Services offered to Banes included budgeting and parenting classes, personal adjustment counseling at home, psychological counseling, a referral to the Department of Housing and Urban Development, and transportation for visits with his daughter twice a month.

After the child's removal from Banes' home, he did not petition for custody or visitation rights, nor did he participate in the planning of sessions for the child. During the spring and summer of 1984, Banes had day visits on the average of twice a month with his daughter at his mother's home in Wythe County, as arranged by the social worker. From September through November, Banes failed to make all visits except one. On November 26, 1984, the Department petitioned the court for termination of Banes' parental rights.

Code § 16.1-283(B) provides that residual parental rights to a child found by the court to be neglected, and subsequently placed in foster care, may be terminated if the court finds, based on clear and convincing evidence, that such action is in the best interests of the child and that: (1) the "neglect . . . suffered by such child presented a serious and substantial threat to his life, health or development;" and (2) it "is not reasonably likely that the conditions which resulted in such neglect . . . can be substantially corrected or eliminated . . . within a reasonable period of

time." Prima facie proof of the conditions set forth in Code § 16.1-283(B)(2) includes: (1) evidence of the parent's mental deficiency, such that there is no reasonable expectation that the parent will be able to undertake responsibility for the care required by the child; and (2) evidence that the parent has not responded to "appropriate, available and reasonable rehabilitative efforts on the part of . . . rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child."

 Statutes terminating the legal relationship between parent and child should be interpreted consistently with the governmental objective of preserving, when possible, the parent-child relationship. *Weaver* v. *Roanoke Department of Human Resources*, 220 Va. 921, 926, 265 S.E.2d 692, 695 (1980). The burden is on the party petitioning for termination of parental rights to demonstrate by clear and convincing evidence that it is in the child's best interest for those rights to be terminated. *Id.* at 927, 265 S.E.2d at 695. The record must demonstrate that all "appropriate, available and reasonable" efforts were taken by social agencies to remedy the conditions leading to the infant's foster care placement. *Id.* at 928-29, 265 S.E.2d at 697.

Banes concedes that negligent care of the child caused the Department to become involved in the case. However, he disclaims any personal responsibility for the neglect and conditions which existed, despite his living in the home throughout the time. Banes contends that his conduct does not meet the requirements of Code § 16.1-283 for terminating his residual parental rights because he was not responsible for the negligent care of his daughter and since he made many subsequent attempts to maintain contact with her.

 When both parents are living in the home with infant children, the responsibility to care and provide for the health and well-being of those children rests with both. Banes' "inactive interest" in his daughter, as well as her mother's neglect due to alcohol abuse, necessitated the child's removal from the home. A parent residing with a child cannot absolve himself of accountability for his child's neglect by disclaiming personal responsibility for the child's care. Child neglect, by definition, connotes the failure to discharge the duty which each parent has to provide at least minimal standards of care for his or her child. The trial court found upon clear and convincing evidence that Banes neglected to

care for his daughter, that no reasonable likelihood existed that conditions would improve, and that the child's best interest would be best served by the termination of Banes' residual parental rights.

The evidence presented at trial showed that Banes failed to take specific action on any of the six existing deficits, despite the offers of assistance from the Department. Banes refused to participate in parent education training; he failed to secure appropriate housing, but continued to reside in an unheated, one bedroom apartment with his girlfriend; his failure to properly budget his income led to a frequent lack of food in the home, yet he refused to participate in budgeting classes offered by rehabilitative agencies. Additionally, the Department presented evidence indicating that Banes may not possess the mental ability to learn parenting skills on his own; repeated and constant professional intervention led to a very limited, short term increase in parenting skills that did not last.

Even though the mother no longer resides in the household, the situation which led to the child's removal from Banes' home for neglect has not appreciably changed. While the Department's records indicate that Banes showed an interest in the child, his sporadic visits, usually initiated by the Department, were nevertheless unsatisfactory. Banes' explanation for leaving the child with his current girlfriend during one visitation, rather than arranging to be with her, was that he was "busy with something else." During another visit Banes took the child to see her natural mother, whose residual parental rights had been terminated. The Department diligently offered Banes a range of planned rehabilitative services designed to aid him in improving those conditions that brought about the neglectful and unhealthy environment from which his daughter was removed. Banes, without good cause, failed to respond to the rehabilitative efforts. The conditions which resulted in the child's removal from her father's custody are not reasonably likely to be corrected or eliminated so as to allow safe return to the father within a reasonable time. For these reasons, and because Banes failed to introduce any evidence to the contrary, the requirements of Code § 16.1-283 (B)(2) were met. *See Richardson* v. *Henry County Department of Social Services*, 223 Va. 670, 677, 292 S.E.2d 342, 346 (1982).

The judgment that Banes' residual parental rights be terminated is affirmed.

*Affirmed.*

Cole, J., and Moon, J., concurred.