Alexandria

ELETTE WARD

v.

COMMONWEALTH OF VIRGINIA,
DEPARTMENT OF SOCIAL SERVICES
FOR THE CITY OF ALEXANDRIA
No. 1270-90-4
Decided September 17, 1991

COUNSEL

Joseph J. McCarthy (Dawkins, Hanagan, McCarthy & Sengel, on briefs), for appellant.

Sonya L. Sacks, Assistant Commonwealth's Attorney (John E. Kloch, Commonwealth's Attorney; Cary S. Greenberg, Assistant Commonwealth's Attorney, on brief), for appellee Department of Social Services.

Dorothea J. Peters (Peters & Mullin, on brief), guardian *ad litem* for infant child.

OPINION

**DUFF, J.**—Elette Ward, appellant, appeals a final order of the Alexandria Family Court, which terminated her residual parental rights to her son, Carlauntae Ward. Ward presents the following issues on appeal: (1) whether the Commonwealth proved by clear and convincing evidence the necessary predicates required by Code § 16.1-283(B); and (2) whether the Commonwealth proved by clear and convincing evidence the necessary predicates required by Code § 16.1-283(C)(2). Additionally, the Commonwealth challenges our jurisdiction to entertain this appeal, contending that, because the case originated in the Alexandria Juvenile and Domestic Relations District Court, an appeal would properly lie only to the Circuit Court for the City of Alexandria. From our review of the record, the briefs, the arguments presented, and the authorities cited, we hold that we have jurisdiction to hear the appeal and that the necessary statutory predicates were established by

ample evidence. Accordingly, we affirm.

Initially, we consider the jurisdictional challenge. The Commonwealth contends that the appeal is controlled by Code § 17-116.05:5.[1] It asserts that the final order appealed from is not a circuit court order or decree, but is a final order of a juvenile and domestic relations district court; thus, this court is without jurisdiction. Furthermore, the case was not referred to the experimental family court by the circuit court, as required by Code § 20-96.1. Ward responds that Code § 16.1-296.1 is dispositive of the issue. That statute provides that an appeal from a juvenile and domestic relations court, designated as an experimental family court by the Judicial Council of Virginia, shall be to the Court of Appeals as provided by Code § 17-116.05:5. Section (1)(b) directs appeals from cases involving the termination of residual parental rights to the Court of Appeals. Ward argues that the Commonwealth's contention that the case had to have been filed in the Circuit Court for the City of Alexandria, then referred to the Family Court for the City of Alexandria, ignores the plain language of Code § 16.1-296.1 and imposes a strained construction on the statutes upon which it relies. We agree.

The final order appealed from is an order of the Family Court for the City of Alexandria, not an order from the Juvenile and Domestic Relations District Court. In determining our jurisdiction, we examine the provisions of three statutes. Code § 20-96.1 authorizes the designation of experimental family courts by the Judicial Council of Virginia. Sub-paragraph E of the statute provides:

> Appeals from the experimental family courts shall be taken to either the Court of Appeals as provided in §§ 17-116.05 and 17-116.05:5, or, if not appealable to the Court of Appeals, to the appropriate circuit court as an appeal from a juvenile and domestic relations district court.

---

[1] Code § 17-116.05:5(1)(b) provides, in pertinent part: "Any aggrieved party may appeal to the Court of Appeals from:

Cases originating in the experimental family courts involving the custody, visitation or civil support of a child, or spousal support, or involving the termination of residual parental rights and responsibilities when such cases are heard by a judge sitting as a judge of an experimental family court. . . ."

Code § 17-116.05:5(1)(b) provides that any aggrieved party may appeal to the Court of Appeals from:

Cases originating in the experimental family courts . . . in-volving the termination of residual parental rights and responsibilities when such cases are heard by a judge sitting as a judge of an experimental family court.

Finally, Code § 16.1-296.1 provides in pertinent part:

Appeals from those juvenile and domestic relations district courts designated as experimental family courts by the Judicial Council of Virginia shall be to the Court of Appeals of Virginia, as provided in [Code] § 17-116.05:5.

■ We find no merit to the Commonwealth's contention that this is not a case "referred" by the circuit court to the family court and, accordingly, we lack appellate jurisdiction. The word, "referred" in Code § 20-96.1(B)[2] is used with reference to "suits for annulling or affirming marriage and for divorce." The jurisdiction of the family court expressly includes those cases as well as "any other jurisdiction otherwise conferred on the juvenile and domestic relations district courts." Included therein is the termination of residual parental rights and responsibilities. Code § 16.1-241(A)(5). This case commenced in the Juvenile and Domestic Relations Court for the City of Alexandria prior to the effective date of that court's designation as an experimental family court. Upon such designation, the case became one in the Family Court of the City of Alexandria. The statutes providing for appeals from that court confer no substantive rights; they are procedural in nature and are applicable to cases pending in the family court on the date of its designation. We conclude that the legislature intended that we have jurisdiction for an appeal such as this case.

Ward's residual parental rights were terminated pursuant to the provisions of Code §§16.1-283(B) and 16.1-283(C)(2). She contends that the evidence was insufficient to support the termination.

---

[2] Code § 20-96.1(B) provides in pertinent part:
"Notwithstanding any other provisions of law, the experimental family courts shall have jurisdiction over those suits for annulling or affirming marriage and for divorce that are referred by the designated circuit court pursuant to this experimental program in addition to any other jurisdiction otherwise conferred on the juvenile and domestic relations district courts."

The factors necessary to terminate parental rights under Code § 16.1-283(B) must be proved by clear and convincing evidence. The burden was on the Commonwealth to establish that (1) termination of parental rights was in the best interests of the child; (2) the neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development, and (3) it is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

On appeal, we review the evidence in the light most favorable to the Commonwealth, the prevailing party. Our function is not to substitute our judgment for that of the trial judge, but to determine if the record contains sufficient credible evidence in support of the judgment from which the appeal is taken. *See Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 372 S.E.2d 411 (1988). When so viewed, the record shows the following: Ward abused cocaine on a weekly basis. On December 27, 1988, a protective order was entered by the Juvenile and Domestic Relations District Court of the City of Alexandria requiring appellant to "participate in and successfully complete a substance abuse program." Referrals were made to the Alexandria Department of Substance Abuse Services. However, Ward made no attempt to follow through with any treatment prior to the final removal hearing. The record shows that there were times when she did not have food for Carlauntae to eat and that the home environment and caretaking of Carlauntae could have presented a serious and substantial threat to the child. Referrals were made to the emergency shelter in Alexandria for food and a more appropriate living environment. However, there was evidence that while at the shelter, Ward did not get up some mornings so that the child would be fed breakfast. There were also times when he would be left unsupervised.

Because of Ward's use of illegal drugs, her lack of adequate plans for the child's care, and her failure to follow through with substance abuse treatment, an emergency removal order was entered by the Juvenile and Domestic Relations Court of the City of Alexandria on January 25, 1989, placing Carlauntae in the custody of the Department of Social Services. On the date of the removal, there was evidence that Carlauntae was soaked with

urine, that Ward had no food, no clean clothes, and no diapers for the child who was not yet three years old. There was further evidence as to the severity of Ward's substance abuse addiction. She had been in the Phoenix House treatment program, but had not successfully completed it. She missed eight meetings at the Alexandria Substance Abuse Program, and five urine screens which she provided showed positive for drugs.

Vicki Edwards, a social worker with the Department of Social Services, qualified as an expert witness at the trial and testified that it would be in Carlauntae's best interests to be placed in a nurturing environment as soon as possible. She testified that appellant would not be able to provide such an environment for at least one more year, if at all. Edwards was not optimistic that appellant would be able to provide such an environment in the future, given her apparent inability to address her substance abuse problem.

The trial court also heard evidence from Barbara Newman, who was appellant's counselor and employed at the Alexandria Detention Center. She qualified as an expert in substance abuse and drug treatment and related that Ward had a severe substance abuse problem. She also testified that, in order to resume a parenting role, Ward needed long term treatment outside Alexandria, and that she would need no less than two years of drug and family counseling upon her release from the detention center in August 1990.

Based on this record, the trial judge could reasonably have found that Ward had habitually abused and was addicted to narcotics to the extent that her proper parental ability was seriously impaired, and that Ward, without good cause, had not responded or followed through with recommended and available treatment. The court could also have found that Ward, without good cause, had not responded to appropriate available and reasonable rehabilitative efforts on the part of social, medical or other agencies designed to reduce or eliminate the neglect or abuse of Carlauntae.[3] We find that the record amply supports the court's

---

[3] These findings would be prima facie evidence that it is not reasonably likely that the conditions, which resulted in the neglect or abuse, can be substantially corrected or eliminated so as to allow the child's safe return to his parents within a reasonable period of time. Code § 16.1-283(B).

finding that the requirements of Code § 16.1-283(B) were established by the requisite burden of proof.

 Ward also challenges the court's termination of parental rights under Code § 16.1-283(C)(2). The Commonwealth was required to prove by clear and convincing evidence that (1) termination is in the best interests of the child, and (2) that the parent, without good cause, has been unwilling or unable within a reasonable period, not to exceed twelve months, to remedy the conditions which led to foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health, or other rehabilitative agencies to such end.

The record shows that despite efforts by the Department of Social Services, Ward failed to make reasonable progress toward eliminating the conditions. These services included providing substance abuse counseling and treatment, bus tokens and rides to appointments, food and shelter at the Alexandria Shelter, housing and employment references, visitation with Carlauntae, and a protective order requiring Ward's compliance. Since the entry of the protective order, under which the custody of Carlauntae was placed with the Department of Social Services, eighteen months passed and Ward had not completed a substance abuse program. Her housing remained transient, and she was dependent on others for housing, food and income. We find ample support in this record for the trial court's finding under Code § 16.1-283(C) that Ward, without good cause, has been unwilling or unable within a reasonable period, not to exceed twelve months, to remedy substantially the conditions which led to foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or rehabilitative agencies to such end.

The judgment appealed from is

*Affirmed.*

Koontz, C.J., and Baker, J., concurred.