## Order

### VIRGINIA:

In the Court of Appeals of Virginia on Tuesday the 20th day of July, 1993.

Richard N. Rhoades

  against

Patricia Kay Rhoades

  Before Chief Judge Moon, Judges Barrow and Koontz.

COUNSEL

Robert C. Wood, III, for appellant.

Frank West Morrison, for appellee.

OPINION

Richard N. Rhoades (husband) appeals a final order of the Juvenile and Domestic Relations District Court of Lynchburg. That court was designated as an experimental family court pursuant to Code § 20-96.1 when this case was filed. We hold the appeal lies to the Circuit Court of Lynchburg, not the Court of Appeals, and dismiss this case from our Court.

On September 19, 1991, Patricia Kay Rhoades (wife) filed a Statement of Obligee with the Family Court of the City of Lynchburg, seeking to enforce a California Superior Court Wage Assignment Order and Support Order. At that time, the Family Court of the City of Lynchburg was an experimental family court as designated by the Judicial Council of Virginia pursuant to Code § 20-96.1. The matter remained before the family court after December 31, 1991, when its designation as a family court expired. The family court thus returned to its previous status as the Juvenile and Domestic Relations District Court of the City of Lynchburg.

A final order concerning the enforceability of the California support order was entered by the juvenile and domestic relations court on March 29, 1993.

But for the juvenile and domestic relations court's previous designation as an experimental family court, an appeal would lie to the appropriate circuit court. Code § 16.1-296(E). The issue before us is whether the statutes that created the experimental family courts set forth an alternative scheme for appeals from the juvenile and domestic relations courts following the expiration of their status as family courts. We hold that they do not.

Under legislation enacted in 1989, the General Assembly provided for the operation of experimental family courts for a two-year period ending December 31, 1991. *See* Code § 20-96.1. *See Loudoun County Dep't Social Servs. v. Etzold*, 245 Va. 80, 83, 425 S.E.2d 800, 801 (1993). The pertinent statutory provision concerning the operation of the family courts is found in Code § 20-96.1. That section details, *inter alia*, the jurisdiction and procedure of the experimental family courts. It also sets forth procedures to be followed upon the expiration of the two-year period.

The experimental family courts were granted authority to resolve two types of cases: those matters traditionally before the juvenile and domestic relations district courts, and "suits for annulling or affirming marriage and for divorce that are referred by the designated circuit court." Code § 20-96.1(B). Specific statutory provisions applied to cases referred from the circuit courts. *E.g.*, Code §§ 20-96.1(B), (D) and (E). The remaining cases over which the family courts had jurisdiction were to be "treated and tried as if they were cases in a juvenile and domestic relations district court." Code § 20-96.1(D). These distinctions were consistent with the jurisdictional differences of the juvenile and domestic relations district courts and circuit courts.

Some appeals to this Court from the experimental family courts are allowed under the statutory scheme. The jurisdiction of the Court of Appeals for matters arising in the experimental family courts is set forth in Code § 17-116.05:5.[1] Similarly, Code § 16.1-296.1 specifical-

---

[1] That Code section states, in pertinent part, that:

Any aggrieved party may appeal to the Court of Appeals from: 1. Any final judgment, order, or decree of an experimental family court . . . involving:

* * *

ly states that "[a]ppeals from those juvenile and domestic relations district courts designated as experimental family courts by the Judicial Council of Virginia shall be to the Virginia Court of Appeals as provided in Code § 17-116.05:5."

However, by its plain language, Code § 20-96.1(E) indicates that not all matters arising in the experimental family court are appealable directly to the Court of Appeals.[2] *See Etzold*, 245 Va. at 83-84, 425 S.E.2d at 802. The distinction drawn between the cases that are referred by the circuit court and the remainder of the matters that were filed in the family court extends to the applicable appellate procedures.

At the expiration of the two-year operation of the family courts, the experimental family courts reverted to their status as juvenile and domestic relations district courts. The experimental family courts were prohibited from accepting any new cases referred from the circuit courts, but were authorized to complete those matters already pending. Upon conclusion of such proceedings, those referred cases "shall resume their status as cases in the circuit court." Code § 20-96.1(F). The Code contains no parallel provision continuing the jurisdiction of the experimental family courts for matters other than those referred by the circuit courts.

Accordingly, two types of cases could have been pending in the experimental family courts on December 31, 1991. Cases that were referred from a circuit court would, as noted, be governed by the provisions of Code § 20-96.1(F). Cases that were within the jurisdiction of the juvenile and domestic relations district court, however, became matters pending before the juvenile and domestic relations court.

"The statutes providing for appeals from that [experimental family] court confer no substantive rights; they are procedural in nature." *Ward v. Commonwealth*, 13 Va. App. 144, 147, 408 S.E.2d 921, 923 (1991). The procedures are applied to cases depending upon the designation of the court at the time of the appeal. *Id.*

---

b. Cases originating in the experimental family courts involving the custody, visitation or civil support of a child, or spousal support . . . .

[2] Code § 20-96.1(E) states: "Appeals from the experimental family courts shall be taken to either the Court of Appeals as provided in §§ 17-116.05 and 17-116.05:5, or, if not appealable to the Court of Appeals, to the appropriate circuit court as an appeal from a juvenile and domestic relations district court."

This case originated in the family court, and was not referred to that court by the Circuit Court of the City of Lynchburg. At the time this appeal was taken, the Family Court of the City of Lynchburg had reverted to the Juvenile and Domestic Relations Court of the City of Lynchburg. As such, Code § 17-116.05:5, pertaining to appeals from the family court to the Court of Appeals, is no longer applicable. Here, the final order is not from an experimental family court, but from a juvenile and domestic relations court. It is the designation of the court at the time the final order is entered that determines where this appeal will lie. *See Ward*, 13 Va. App. at 147, 408 S.E.2d at 922-23.

Accordingly, we hold this appeal lies in the Circuit Court of the City of Lynchburg.

Because the issue presented in this appeal may arise in other cases, the clerk is directed to publish this order.

This order shall be certified to the trial court.