COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


BETTY JOHNSON BRANDON
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2382-95-3     JUDGE LARRY G. ELDER
                                        OCTOBER 1, 1996
CITY OF DANVILLE DIVISION
 OF SOCIAL SERVICES


             FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                     William N. Alexander, II, Judge

             W. Clarke Whitfield, Jr. (Turner, Haskins &
             Whitfield, on brief), for appellant.

             James R. Saul, City Attorney, for appellee.



     Betty Johnson Brandon (appellant) appeals the trial court's

decision to terminate her residual parental rights pursuant to

Code § 16.1-283(C).  Appellant contends that "clear and

convincing evidence" did not support the trial court's decision.

 We disagree and affirm the trial court's judgment.

     "Code § 16.1-283 embodies the statutory scheme for the

termination of residual parental rights in this Commonwealth."

Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995).

 Code § 16.1-283(C), the subsection under which the trial court

terminated appellant's parental rights in this case, states:

          The residual rights of a parent or parents of
          a child placed in foster care as a result of
          court commitment, an entrustment agreement
          entered into by the parent or parents or

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

other voluntary relinquishment by the parent or parents may be terminated if the court finds, <u>based upon clear and convincing evidence</u>, that it is in the best interests of the child and that:

1. The parent or parents have, without good cause, failed to maintain contact with and to provide or substantially plan for the future of the child for a period of twelve months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship; or

2. The parent or parents, without good cause, have been unwilling or unable within a reasonable period not to exceed twelve months to remedy substantially the conditions which led to the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

(Emphasis added).

We are mindful of the principle that "[t]he termination of residual parental rights is a grave, drastic and irreversible action." <u>Helen W. v. Fairfax County Dep't of Human Dev.</u>, 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991). However, this Court has "consistently held that the child's best interest is the paramount concern." <u>Lecky</u>, 20 Va. App. at 311, 456 S.E.2d at 540. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming responsibilities." <u>Id.</u> at 312, 456 S.E.2d at 540.

-2-

Our standard of review in this case is well-settled:

> On review, a trial court is presumed to have thoroughly weighed all the evidence, the statutory requirements, and made its determination based on the child's best interests. Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom. In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests. The trial court's judgment, when based on evidence heard <u>ore tenus</u>, will not be disturbed on appeal unless plainly wrong or without evidence to support it.

<u>Logan v. Fairfax County Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)(quotations and citations omitted).

In this case, we hold that the record supports the trial court's decision to terminate appellant's parental rights in Matthew's best interests. The trial court was not plainly wrong in concluding that appellant's actions met the requirements of Code § 16.1-283(C)(1) and (2). <u>See</u> <u>Toombs v. Lynchburg Div. of Social Svcs.</u>, 223 Va. 225, 288 S.E.2d 405 (1982). Appellant "did not maintain contact with the child or the agency on a regular basis," <u>Barkey v. Commonwealth</u>, 2 Va. App. 662, 669, 347 S.E.2d 188, 192 (1986), and appellant visited the child sporadically, including only twelve times over a two year period. "The record discloses that there were ample services offered and available to [appellant]," but she chose not to take full advantage of them.

Id. at 670, 347 S.E.2d at 192.

Furthermore, a professional counselor testified that Matthew, who has been in Social Services' custody for almost eight years, would be harmed by engaging in an emotional relationship with appellant. Although the counselor strongly confronted appellant in 1992 about the need to consistently "follow through" with Matthew, appellant was either unwilling or unable to do so on an extended basis after 1992. Another therapist stated that appellant had difficulty in attending therapy sessions outlined in a written agreement between appellant and the Division of Social Services.

The parties acknowledge appellant's interest in maintaining custody of Matthew. See Banes v. Pulaski Dep't of Social Svcs., 1 Va. App. 463, 467, 339 S.E.2d 902, 905 (1986). Appellant recently completed a parenting class while incarcerated and testified that she possessed a newfound ability to care for Matthew. However, despite appellant's love for her child, the actions she took since 1988 to provide Matthew with a long-term, stable, and safe home environment have proved unsatisfactory. The facts of this case stand in contrast to those cases where a parent displayed a passionate interest in maintaining contact with a child placed into foster care or where a parent substantially remedied the conditions leading to the child's placement into foster care. See, e.g., Edwards v. County of Arlington, 5 Va. App. 294, 312, 361 S.E.2d 644, 654 (1987).

Furthermore, in this case, appellant's failures were without "good cause."  See Logan, 13 Va. App. at 130, 409 S.E.2d at 464.

Keeping in mind that "[o]ur function is not to substitute our judgment for that of the trial judge," Ward v. Commonwealth, 13 Va. App. 144, 148, 408 S.E.2d 921, 923 (1991), we hold that the trial court did not err in this case.  Accordingly, we affirm the trial court's decision.

Affirmed.