COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


ROCHELLE SUSAN BEARDSLEE

                                          MEMORANDUM OPINION[*]
v.    Record No. 2721-00-2                    PER CURIAM
                                             APRIL 3, 2001
DEPARTMENT OF SOCIAL SERVICES
 OF THE COUNTY OF HENRICO


               FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        L.A. Harris, Jr., Judge

            (Theresa Rhinehart, on briefs), for
            appellant.

            (George T. Elmore, III, Assistant County
            Attorney; Jeffrey L. Galston, Guardian ad
            litem for Josiah Beardslee-Clary; Hyder &
            Galston, on brief), for appellee.


     Rochelle S. Beardslee (mother) appeals the decision of the

circuit court terminating her residual parental rights in her son,

Josiah Beardslee-Clary.  On appeal, mother contends that the trial

court erred in finding that (1) the Henrico County Department of

Social Services (Department) made reasonable effort to notify

mother of the proceeding to terminate her parental rights, (2) it

is in the best interests of Josiah to have his mother's rights

terminated, and (3) mother, without good cause, has been unwilling

or unable to remedy substantially the conditions which led to

Josiah's placement in foster care.  Mother asks that the judgment

───────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of the trial court be vacated and her parental rights restored. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

After an acrimonious divorce, several custody battles between mother and William Winfield Clary (father), and allegations of sexual abuse against both parents, the circuit court, on November 8, 1993, ordered that Josiah be placed in the custody of William and Pam Noller. However, mother absconded with Josiah and could not be located for almost two years. On June 6, 1995, Josiah was returned from Washington state and placed with the Nollers. Several days later the Nollers asked that Josiah be removed from their home due to his violent behavior. Josiah has been in therapeutic foster care since that time.

The Department petitioned the juvenile and domestic relations district court to terminate the residual parental rights of mother and father. On March 30, 2000, the court entered orders terminating those rights. Father did not appeal the decision, but mother appealed to the circuit court. After hearing the appeal, the circuit court terminated mother's parental rights.

-

I.

"Code § 16.1-264 controls the procedure for service of a summons in cases before a juvenile and domestic relations district court."  Garritty v. Virginia Dep't of Soc. Servs., 11 Va. App. 39, 42, 396 S.E.2d 150, 151 (1990).  Code § 16.1-264(A) states:

> If a party designated in § 16.1-263 A to be served with a summons can be found within the Commonwealth, the summons shall be served upon him in person or by substituted service as prescribed in § 8.01-296(2).
>
> If a party designated to be served in § 16.1-263 is without the Commonwealth but can be found or his address is known, or can with reasonable diligence be ascertained, service of summons may be made either by delivering a copy thereof to him personally or by mailing a copy thereof to him by certified mail return receipt requested.
>
> If after reasonable effort a party other than the person who is the subject of the petition cannot be found or his post-office address cannot be ascertained, whether he is within or without the Commonwealth, the court may order service of the summons upon him by publication in accordance with the provisions of §§ 8.01-316 and 8.01-317.

The Department attempted to serve notice on mother by certified mail at her last known address.  After the mailings were returned, the case was continued.  The Department issued several mailings and orders of publication and the case was continued to February 17, 2000.  The Department also employed a personal process server who attempted service eight times at mother's

-

Washington address.  Notice of the hearing was published pursuant to an order of publication.  In early February, 2000 mother mailed a birthday card to Josiah care of the Henrico County Attorney's Office.  The mailing showed a new address in California.  A certified mailing to that address was also returned.  On February 17, 2000, the juvenile and domestic relations district court heard evidence on the termination of mother's parental rights and took the case under advisement.  The court continued the case until March 30, 2000 to allow mother more time to respond.  On March 30, 2000, the court entered the termination order.

The Department mailed notice via certified mail to mother's last known address in Washington state.  After receiving the birthday card with the California address, the Department also sent notice there.  The Department also attempted to serve mother personally.  All these attempts failed, but it cannot be said that the Department did not make reasonable efforts to contact mother.  Because the Department reasonably tried to locate mother, it was authorized by Code § 16.1-264 to serve mother by publication.  The trial court did not err in finding that the Department followed the procedures outlined in Code § 16.1-264.

II.

> When addressing matters concerning a child,
> including the termination of a parent's residual
> parental rights, the paramount consideration of a
> trial court is the child's best interests.  See
> Toombs v. Lynchburg Div. of Soc. Servs., 223 Va.
> 225, 230, 288 S.E.2d 405, 407-08 (1982); Farley
> v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794,

-

796 (1990). On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley, 9 Va. App. at 329, 387 S.E.2d at 796 (citing Brown v. Brown, 218 Va. 196, 200, 237 S.E.2d 89, 92 (1977)). Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom. Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

Logan v. Fairfax County Dep't of Human Devel., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

After years of custody battles and accusations of abuse against both mother and father, the Department attempted to remove Josiah and place him with the Noller family. Before this placement was scheduled to take place, however, mother absconded with Josiah. Two years later, when Josiah returned to Virginia, he was examined by a series of social workers and therapists. Psychologists and therapists testified that Josiah was angry, aggressive, and virtually out of control. Carolyn Campbell, a court psychologist, testified that she had examined Josiah before and after he was abducted by his mother. She stated that as a two-year-old child, Josiah was reserved but communicative. However, Campbell stated that by the time he was six years old, after having lived under mother's care, Josiah had become so unskilled socially as to be a "wild child" with no reciprocity for other human beings.

-

Josiah's deterioration while in his mother's care, combined with the fact that mother has not pursued visitation since Josiah returned to Virginia, supports the finding that it is in the best interests of the child to terminate mother's parental rights. The trial court did not err in finding that the testimony of the various caregivers provided clear and convincing evidence that it is in the best interests of Josiah to terminate mother's residual parental rights.

III.

Code § 16.1-283(C)(2) provides that a court may terminate a parent's residual parental rights where a child has been placed in foster care as a result of court commitment if the court finds, based upon clear and convincing evidence, that (1) it is in the best interests of the child; (2) that the parents without good cause have been unwilling or unable within a reasonable period of time not to exceed twelve months to remedy substantially the conditions which led to the child's foster care placement; and (3) that reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies have been made to such end.

"The Department is not required 'to force its services upon an unwilling or disinterested parent.'" Logan, 13 Va. App. at 130, 409 S.E.2d at 463-64 (quoting Harris v. Lynchburg Div. of Soc. Servs., 223 Va. 235, 243, 288 S.E.2d 410, 415 (1982)). The Department developed a plan to return Josiah to mother which

-

required mother to obtain a psychological evaluation and a home study. The Department twice attempted to assist mother in meeting these requirements by working with the Washington State Department of Social and Health Services. However, mother failed to comply with these court-ordered requirements. Mother failed to cooperate and avail herself of the offered services. She also failed to remedy within a reasonable time the conditions which led to Josiah's foster care placement.

On the record before us, we conclude that the Department established a prima facie case under Code § 16.1-283(C)(1) for the termination of mother's parental rights. The Department has "demonstrate[d] by clear and convincing evidence that it is in the child's best interest for [mother's parental] rights to be terminated." Banes v. Department of Soc. Servs., 1 Va. App. 463, 466, 339 S.E.2d 902, 904 (1986). Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-