**Alexandria**
PATRICK THOMAS GARRITTY

v.

VIRGINIA DEPARTMENT OF SOCIAL SERVICES

*ex rel.* MARIBETH C. SINIFT

No. 1043-89-4

Decided September 11, 1990

COUNSEL

Gregory A. Porter, for appellant.

John V. Notarianni, Assistant Commonwealth's Attorney, for appellee.

OPINION

**KOONTZ, C.J.**—Patrick Thomas Garritty appeals a decision of the Circuit Court of Prince William County affirming an order of child support entered by the Juvenile and Domestic Relations District Court of Prince William County (juvenile court) in the amount of $186 per month to Maribeth C. Sinift through the

Virginia Department of Social Services (the Department) for the support of his minor son. On appeal, Garritty asserts that the circuit court erred in failing to set aside the support order on the ground that he was not properly served with a summons prior to entry of a default judgment by the juvenile court. He also asserts that the circuit court erred in holding that his appeal of the juvenile court's denial of his petition to set aside the order was barred by the doctrine of *res judicata*. We find that Garritty was improperly served with the summons and reverse.

The pertinent facts in this case are not in dispute. On August 18, 1987, the juvenile court issued a summons directing Garritty to appear before the court on September 16, 1987, pursuant to a petition for child support. Garritty's correct address was listed on the summons, which was executed by a deputy of the sheriff's department. A handwritten notation on the return of service filed with the court on August 24, 1987, indicated that the summons had been "Posted" by the deputy on August 21, 1987. A support order pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) was entered by the juvenile court in Garritty's absence on September 16. His subsequent motion to set aside the support order was denied and on appeal the circuit court affirmed the order on January 30, 1989.

Garritty did not appeal the circuit court's decision, but retained counsel and filed a petition with the juvenile court to set aside its order on the ground that it was void because of invalid service of the summons.[1] This petition also was denied, and again Garritty appealed to the circuit court. The circuit court heard arguments on the appeal, then entered an order on June 8, 1989, denying the petition and stating that its January 30 order "be confirmed." The circuit court's June 8 order noted that Garritty's appeal "raised no new issues which had not been litigated and addressed in this Court's order of January 30, 1989" and that "relief from said January 30, 1989, order, if any, was to the Appellate Courts of Virginia and not by Petition to the Juvenile Court."

---

[1] Garritty also contended below and in his appeal that service of process using substituted service was defective under Code § 8.01-296(2)(b), which requires a copy of the pleadings to be mailed to the party being served at least ten days prior to entry of a default judgment in ordinary civil cases. However, both parties acknowledged in their oral arguments before this Court that the applicable statute governing service of a summons in juvenile and domestic relations district courts is Code § 16.1-264.

■ In order for a judgment or decree to be binding, the court rendering it must have jurisdiction over both the parties and the subject matter. Judgments without personal service of process within the state issuing them, or with service of process in a manner not authorized by law, are void judgments. *Finkel Outdoor Prods., Inc. v. Bell*, 205 Va. 927, 931, 140 S.E.2d 695, 698 (1965). "[A] party may assail a void judgment at any time, by either direct or collateral assault." *Morse v. Commonwealth*, 6 Va. App. 466, 468, 369 S.E.2d 863, 864 (1988).

■ Subject matter jurisdiction for proceedings under RURESA is vested in the juvenile and domestic relations district courts, Code § 20-88.20:2, which have exclusive original jurisdiction in cases involving "[a]ny person charged with deserting, abandoning or failing to provide support for any person in violation of law." Code § 16.1-241(E). Code § 16.1-264 controls the procedure for service of a summons in cases before a juvenile and domestic relations district court. *See Knox v. Lynchburg Div. of Social Servs.*, 223 Va. 213, 216 n.1, 288 S.E.2d 399, 400 n.1 (1982). "[T]he statutes relating to the procedure applicable to proceedings for cases tried in a juvenile court are mandatory and must be followed." *Evans v. Cox*, 327 F. Supp. 1057, 1058 (E.D. Va. 1971).

■ In proceedings before a juvenile and domestic relations district court, a person to be served with a summons must be personally served if he can be found within the Commonwealth. Code § 16.1-264(A). If the person "is within the Commonwealth and cannot be found, but his address is known or can with reasonable diligence be ascertained, the summons may be served upon him *by mailing a copy thereof by certified mail return receipt requested.*" *Id.* (emphasis added). There is no provision in the statute for substituted service by "posting" a summons on the front door of the person's abode. *Compare* Code § 16.1-264(A) *with* Code § 8.01-296(2)(b). The summons was not properly served on Garritty because a copy was not sent to him by certified mail as required by Code § 16.1-264. Service would be invalid even if it was shown that a copy of the summons was posted on the front door of his residence *and* a copy of the pleading was mailed to him less than ten days prior to entry of the default judgment.[2]

---

[2] The "curing statute," Code § 8.01-288, is not applicable to the service of a summons under Code § 16.1-264 since, it excepts "process commencing . . . actions wherein

■ A judgment by default which is not founded on a sufficient and duly served process is void. *See* 11A Michie's Jurisprudence, *Judgments and Decrees* § 189, at 245 n.19 (1978). Because the record shows that personal service was not made on Garritty according to the procedure mandated by statute, the judgment of the juvenile court was void and a legal nullity. Thus, the doctrine of *res judicata* did not apply and the circuit court should have vacated the support order against Garritty. *See Norfolk Div. of Social Servs. v. Unknown Father*, 2 Va. App. 420, 427, 345 S.E.2d 533, 537 (1986)(void order can be vacated at any time without regard to time limitation contained in Rule 1:1). We therefore reverse the decision of the circuit court and vacate the support order.

*Reversed.*

Duff, J., and Keenan, J., concurred.

---

service of process is specifically prescribed by statute." Code § 8.01-288 (Cum. Supp. 1990).