## CIRCUIT COURT OF WARREN COUNTY

Mary Elisabeth Prillaman

v.

Paul Lewis Prillaman

December 29, 1992

Case No. (Chancery) 91–42

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on December 21, 1992, on the Defendant's Motion to Set Aside the Final Divorce Decree previously entered or at least so much of that decree as provided for child support. Clinton R. Ritter, Esq., appeared for the Complainant, and Nancy J. Glickman, Esq., appeared for the Defendant. Upon consideration whereof, the Court makes the following Findings of Fact and Conclusions of Law.

### I. *Findings of Fact*

The following facts were established by the record or agreement of counsel.

On April 1, 1991, the Complainant filed a Bill of Complaint for Divorce in this court which also asked for an award of child support.

On April 3, 1991, a copy of the Bill of Complaint, Subpoena in Chancery, and Notice to Take Depositions were posted on the Defendant's residence at Route 4, Box 757, Strasburg, Virginia, at which time this was the defendant's residence, although he was temporarily absent from it for a time when the posting was made.

On May 1, 1991, depositions were taken by the Complainant in support of both her prayer for divorce and for child support.

The defendant filed no response to the Bill of Complaint and made no appearance in the cause, and on November 11, 1991, a Final Decree of Divorce was entered which also ordered the Defendant to pay $50.00 per week per child as child support for the parties' two infant children.

On December 4, 1992, the Defendant filed a Motion to Set Aside the November 11, 1991, Final Divorce Decree or at least so much of it as provided for child support on the ground that the Court had acquired no *in personam* jurisdiction over him and, therefore, could not order him to pay child support.

## II. *Conclusions of Law*

Virginia Code § 20–99 provides that divorce suits shall be conducted as other suits in equity and that "[p]rocess or notice in such proceedings shall be served in this Commonwealth by any of the methods prescribed in § 8.01–296 . . . ." In the instance of posted service, Virginia Code § 8.01–296(2)(b) provides that service of process may be made:

> by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than ten days *before judgment by default may be entered*, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

In the instant case, no copy of the process was mailed to the Defendant. However, divorces are different from other suits, and "it has long been the practice in this State to require that the allegations of a bill for divorce, whether denied by answer or not, be proved by full, clear and adequate evidence." *Westfall v. Westfall*, 196 Va. 97, 102, 82 S.E.2d 487 (1954). Additionally, Supreme Court Rule 2:12 specifically provides that no bill of complaint for divorce may be taken for confessed, so, technically speaking, no "judgment by default" was entered in this case as far as the divorce itself is concerned, and the service by posting at the Defendant's residence without a subsequent mailing was sufficient to obtain *in rem* jurisdiction over the marriage of the parties so that a divorce decree could be validly entered. *See generally*, 24 Am. Jur. 2d, *Divorce and Separation*, §§ 314, 550, and 551; and 62B Am. Jur. 2d, *Process*, §§ 163 and 205. The temporary absence of the Defendant from his permanent residence does not vitiate the service by posting insofar as the divorce itself is concerned. *Spiegelman v. Burch*, 204 Va. 96, 97, 129 S.E.2d 119 (1963) (posted service valid even though defendant gone for two months).

In *Boyd v. Boyd*, 2 Va. App. 16, 19–20, 340 S.E.2d 578 (1986), the Court of Appeals of Virginia was confronted with the question pre-

sented by both *in rem* and *in personam* relief being requested in a divorce suit and ruled that:

> [T]he distinction between a cause of action which seeks merely to terminate a marriage and one which also seeks spousal support involves fundamental due process issues which govern permissible means of service of process and determine the breadth and limitations of a court's power to grant the relief requested. A divorce suit in which the pleadings seek only to terminate a marriage is an in rem proceeding, but a proceeding seeking the entry of a decree for spousal support and maintenance is in personam. *Bailey v. Bailey*, 172 Va. 18, 21, 200 S.E. 622, 623 (1939). For us to hold that a pleading which seeks a divorce without requesting spousal support nevertheless empowers a court to award support would constitute an unwarranted modification of the nature of the cause of action, with potentially far-reaching effects. We decline to do so.

Jurisdiction to provide child support is purely statutory. *Rodriguez v. Rodriguez*, 1 Va. App. 87, 91, 334 S.E.2d 595 (1985). In order to award child support, the court must have *in personam* jurisdiction over the Defendant. *Garritty v. Va. Dept. of Soc. Servs.*, 11 Va. App. 39, 43, 396 S.E.2d 150 (1990) (service under URESA). *See, Humphrey v. Strong*, 139 Va. 146, 169–170, 123 S.E. 554 (1924) (spousal support). "[S]tatutes authorizing constructive service of process are to be complied with strictly." *National Trust for Historic Pres. v. 1750 K Inv.*, 100 F.R.D. 483, 484 (E.D. Va. 1984). To obtain a money judgment for child support, which is tantamount to a default judgment, the procedures set forth in § 8.01–296(2)(b) must be strictly complied with, and they were not in this case. "A statutory provision authorizing 'nail and mail' service will require follow-up mail service after affixing the process to the structure constituting the defendant's abode." 62B Am. Jur. 2d, *Process*, § 227. Since the court did not have *in personam* over the defendant when it entered the divorce decree on November 19, 1991, the child support order provisions of that decree are void, but the divorce decree terminating the marriage is still valid.

The earlier divorce suit may be reinstated on the docket and child support currently set upon proper service of process being made upon the Defendant. Virginia Code, §§ 20–108 and 20–112.

### III. *Definition*

For the foregoing reasons, it is adjudged and ordered that:

The Defendant's Motion to Set Aside the November 19, 1991, Divorce Decree in this case is granted in part as to the child support provisions of the November 19, 1991, Final Divorce Decree only.

The case is reinstated on the docket of the court to consider the question of child support and such other matters as the parties may deem appropriate, and counsel for the Complainant is directed to have a copy of this order served on the Defendant and to obtain proper service of process on the Defendant so that the *in personam* jurisdiction of this court over the Defendant may be properly exercised.