## CIRCUIT COURT OF FAIRFAX COUNTY

National American Ins. Co.

v.

Jennifer Builders, Inc.,
William Biron,
and Irene Biron

February 3, 1998

Case No. (Law) 162111

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on a Motion to Vacate Default Judgment by Defendants David Biron, Irene Biron, and Jennifer Builders, Inc. After hearing oral arguments, the Court took the matter under advisement. Having now reviewed the facts and the applicable law, the Court grants the Motion to Vacate Default Judgment as to the Defendants William and Irene Biron and denies the Motion to Vacate Default Judgment as to Defendant Jennifer Builders.

### Facts

On June 19, 1997, Plaintiff National American Insurance Company filed an action in this Court against the various Defendants. On July 2, 1997, the Plaintiff served the Motion for Judgment on Defendant Jennifer Builders through its registered agent in Virginia. On August 14, 1997, the Plaintiff served the Defendants William and Irene Biron by posting the Motion for Judgment on the front door of their home in Maryland. On October 22, 1997, Plaintiff sent notice to the Defendants William and Irene Biron that it would seek a default judgment against them after the expiration of ten days. On November 14, 1997, this Court entered default judgment against the Defendants Jennifer Builders, William Biron, and Irene

Biron for failure to file responsive pleadings. The Defendants now bring this motion asking the Court to vacate the default judgment entered against them.

## Default Judgment

Under Va. Code § 8.01-428(A), a default judgment may be set aside only on the grounds of (1) fraud on the court, (2) a void judgment, and (3) on proof of an accord and satisfaction. A judgment is void if the plaintiff does not have valid service of process on each of the defendants. In *Garrity v. Virginia Dept. of Soc. Serv.*, it was held that "[i]n order for a judgment or decree to be binding, the court rendering it must have jurisdiction over the parties and the subject matter. Judgments without personal service of process within the state issuing it, or with service of process in a manner not authorized by law are void judgments." 11 Va. App. 39, 42 (1990) (citation omitted). Thus, if, in the case at bar, the service of process on the Defendants was defective, the default judgment entered against them is void, and the Court must vacate the default judgment.

Concerning the service of process on an out-of-state defendant, the Virginia Code provides that:

> Personal service of a process on a nonresident person outside the Commonwealth may be made by: (i) any person authorized to serve process in the jurisdiction where the party to be served is located; or (ii) any person eighteen years of age or older who is not a party or otherwise interested in the subject matter of the controversy . . . . Such service or service in accordance with the provisions of subsection 2a of § 8.01-296 shall have the same effect, and no other, as an order of publication duly executed . . . .

Va. Code § 8.01-320. In accordance with the above cited section, subsection 2(a) of § 8.01-296 provides the service of process may be made:

> If the party to be served is not found at his usual place of abode, by delivering a copy of such process . . . to any person found there, who is a member of his family . . . and who is of the age of sixteen years or older . . . .

Thus, proper service of process on an out-of-state defendant may be made through (1) personal service, or (2) by leaving a copy of the Motion for

Judgment with someone who is at least sixteen years old in the defendant's normal place of abode. In the case at bar, the Plaintiff served the Defendants William and Irene Biron by posting the Motion for Judgment on the front door of their home in Maryland. As these Defendants were not served through either of the methods described by the Virginia Code, the Court must vacate the default judgment against them.

As to the Defendant Jennifer Builders, the Court finds no reason to vacate the default judgment against it. In the case at bar, Defendant Jennifer Builders asks the Court to vacate the default judgment against it as it "inadvertently failed to respond" to the Motion for Judgment and has valid defenses to the allegations made in the Motion for Judgment. Under Va. Code § 8.01-428(A), neither of these arguments are a valid reason to vacate the default judgment. Thus, the Court must deny Defendant Jennifer Builder's Motion to Vacate Default Judgment.

### Conclusion

For the above stated reasons, the Court grants the Defendants William and Irene Biron's Motion to Vacate the Default Judgment entered against them and denies Jennifer Builder's motion.