# CIRCUIT COURT OF FAIRFAX COUNTY

Jackie Lee Martin

v.

Robert McGee

June 19, 1998

Case Nos. (Chancery) 150275, 153046

BY JUDGE STANLEY P. KLEIN

In these *de novo* appeals from the Fairfax County Juvenile and Domestic Relations District Court, Petitioner, Jackie Lee Martin, seeks, *inter alia*, that this court hold Respondent, Robert McGee, in contempt of the Juvenile Court order entered on August 30, 1991, (Juvenile Court Order) ordering McGee to pay Martin support for their daughter, Brandi Lynn Martin. McGee asserts that the Juvenile Court order is void for lack of service of process upon him. For the reasons set forth in this opinion letter, the Rule to Show Cause is dismissed as the Juvenile Court Order is void.

## I. *Factual and Procedural Background*

On August 8, 1991, the Division of Child Support Enforcement filed a petition in the Fairfax County Juvenile and Domestic Relations Court against McGee seeking payments of support for Brandi Martin as Martin was receiving financial assistance from the State of Virginia. On August 20, 1991, a Prince William County sheriff served McGee by posting a copy of the petition and a summons at 1526 Tyler Circle # 132, Woodbridge, Va. 22191. No copies of the petition or summons were mailed to McGee. The summons advised that a court hearing would be held on August 30, 1991, at 10:00 a.m. in the Fairfax Juvenile and Domestic Relations District Court. McGee did not appear for the hearing, and the court ordered that he commence child support payments in the sum of $294.00 per month, payable to the Treasurer of

Virginia. The Juvenile Court ordered that a copy of its order be served on McGee by a sheriff. However, the sheriff was unable to serve McGee, and his September 16, 1991, return of service noted that McGee had moved leaving no forwarding address. (Comp. Exh. No. 4.)

On January 27, 1997, a Show Cause summons was entered by the Fairfax Juvenile and Domestic Relations District Court alleging that McGee had failed to comply with the terms of the Juvenile Court Order. It is agreed that no support payments have been made by McGee pursuant to the Juvenile Court Order. A hearing was held in the Juvenile and Domestic Relations District Court on the Show Cause summons on June 2, 1997, and a consent order was entered ordering McGee to commence child support payments effective June 1, 1997, and finding no support arrearage. Martin timely noted her appeal to that June 2, 1997, order.

## II. *Validity of Service of Process*

McGee contends that he cannot be held in contempt of the Juvenile Court Order as that order is void for lack of service. He asserts (1) that he was not living at the address where service was posted by the Sheriff of Prince William County; and (2) that posted service was ineffective because no copies of the process or pleadings were mailed to him pursuant to Va. Code § 8.01-296(2)(b).

At the hearing, McGee testified that although he sometimes spent the night at the Tyler Circle apartment where the sheriff posted service, he never lived in that residence. He claimed to have lived with his mother at 4327 Grammercy Circle, Alexandria, Virginia, from the time he was a child until sometime in 1995, when he moved in with his present wife. The testimony of his longtime friend, Mike Gray, and a representative of the Department of Child Support Enforcement, Wayne Edwards, somewhat corroborated his testimony. Martin, and her two witnesses, Rhonda Light and Chrissy Barton, testified that McGee was in fact living at the Tyler Circle apartment in August, 1991. In deciding this issue of fact, however, the Court found the absence of certain testimony more significant than the testimony it heard. If, in fact, McGee never lived at the Tyler Circle apartment, his present wife and his father-in-law who both lived in the apartment, as well as his mother, could all have established that he was in fact living with his mother and not at the Tyler Circle address in August, 1991. Nonetheless, McGee declined to call any of those crucial witnesses to testify. "The return of a sheriff shall be prima facie evidence of the facts therein stated … ." Va. Code § 8.01-326. This Court finds that McGee failed to credibly rebut the prima facie case established by

the sheriff's return, and the Court, therefore, rejects his argument that service was not posted at his primary place of residence.

McGee further contends that even if this Court were to reject his position that he did not reside at the Tyler Circle apartment, the purported service of process on him in August, 1991, was still ineffective because the August 20, 1991, service of process failed to satisfy the applicable statutory requirements. At the hearing, McGee argued that the Court of Appeals decision in *Garrity v. Virginia Dept. of Social Services*, 11 Va. App. 39 (1990), established that service of process of a support petition in a juvenile court could not be served by posting. In his post-hearing memorandum, he further asserted that the mailing requirement of Va. Code § 8.01-296(2)(b) was not satisfied in August, 1991, and therefore, the default judgment entered against him on August 30, 1991, is void.

Martin responds that pursuant to the 1991 amendment to Va. Code § 16.1-264, service by posting of petitions in juvenile courts was explicitly authorized. In addition, she asserts that the judgment entered in the juvenile court on August 30, 1991, was not a default judgment, and therefore, the mailing requirement of Va. Code § 8.01-296(2)(b) is inapplicable.

In *Garrity v. Virginia Dept. of Social Services*, the Court of Appeals addressed the validity of service of a support petition by posting in a juvenile court proceeding. Finding that service by posting was not authorized by Va. Code § 16.1-264(A), the Court of Appeals held that the juvenile court's judgment was "void and a legal nullity." *Id.* at 43.

Seemingly in response to the decision in *Garrity*, the General Assembly amended § 16.1-264 in 1991 to authorize "substituted service as prescribed in § 8.01-296(2)." That Code section, in relevant part, authorizes substituted service to be effected as follows:

> (a) If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age sixteen years or older; or
>
> (b) If such service cannot be effected under subdivision 2a, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than ten days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

Va. Code § 8.01-296(2).

As the service herein occurred after the effective date of the amendment to § 16.1-264, the specific holding of *Garrity* that service by posting was not authorized for support actions in the juvenile courts is not controlling,[1] and the Court therefore rejects McGee's first argument.

Martin concedes that no mailing took place pursuant to § 8.01-296(2)(b) when service by posting was effected on McGee. Nonetheless, she contends that the Juvenile Court Order is enforceable because it was not a default judgment, and therefore, no mailing was required. She initially argues that the mailing requirement only applies in those situations where a defendant is required to file written responsive pleadings, not to proceedings in which a defendant need only appear on the designated court date. Martin misconstrues the rationale underlying the mailing requirement of § 8.01-296(2)(b).

Va. Code § 8-51, the predecessor to § 8.01-296(2)(b), authorized service by posting without the necessity of the concurrent mailing of the process to the defendant's last known address. In enacting Va. Code § 8.01-296(2)(b), the General Assembly recognized the potential for inadvertent or intended failure to provide due notice to a defendant when removable papers were merely posted to the front door of a residence and sought "to increase the likelihood of *actual notice*" by requiring that copies of the papers be mailed to the defendant. *See*, Reviser's Note to § 8.01-296(2)(b) (emphasis supplied). Contrary to Martin's argument, the objective of the mailing is to provide *notice* of the hearing to the defendant, not solely to assure the accuracy of the allegations in the petition.

Martin's position that the mailing requirement of § 8.01-296(2)(b) applies only to cases in which responsive pleadings must be filed by a defendant is also belied by the wording of the statute itself. Although no defensive pleadings need be filed in a civil case instituted in a general district court, unless ordered by the court, *see* Rule 7B:4 of the Rules of the Virginia Supreme Court (court may proceed to trial on original return date), § 8.01-296(2)(b) requires that "in any civil action brought in a general district court," if service is by posting, "the application for a warrant in debt or affidavit for summons in unlawful detainer or other civil pleading or a copy of such pleading" must be mailed to the defendant in order to satisfy the statute's mailing requirement. *See also*, Rule 7B:9(b) (defendant who fails to appear is not entitled to further notice except the ten-day notice of § 8.01-296(2)(b) when service is effected by posting).

---

[1] McGee conceded this point in his post-hearing memorandum.

In addition, Martin's assertion that the Juvenile Court order is not a default judgment because evidence was presented at the hearing is without merit. The fact that evidence may have been introduced at the August 30, 1991,[2] hearing does not affect the nature of the judgment. In all cases where judgment by default is entered, except those in which an affidavit is filed and served pursuant to Va. Code § 8.01-28, proof of unliquidated damages to which the plaintiff is entitled must be presented before a final judgment may be entered. *Rule 3:17*; *Funkhouser v. Million*, 209 Va. 89 (1968) (in wrongful death action, plaintiff's action in introducing evidence at *ex parte* hearing did not constitute a waiver of plaintiff's right to default judgment); *Chappell v. Smith*, 208 Va. 272 (1967) (plaintiff entitled to put on evidence of damages where such damages are unliquidated after default judgment granted against defendant). A determination of the appropriate amount of child support to be paid pursuant to Va. Code § 20-108.2 is no different.

Moreover, although the 1991 amendment to § 16.1-264 authorized service by posting in support cases in juvenile courts, contrary to the decision in *Garrity*, the *Garrity* Court's determination of what constitutes a "default judgment" is no less instructive. In its opinion, the Court of Appeals noted that Garrity had framed the issue on appeal as the propriety of the service of the summons "prior to the entry of a *default judgment* by the juvenile court." *Garrity*, 11 Va. App. at 41 (emphasis supplied). The Court of Appeals ruled that the version of § 16.1-264 then in effect required service by certified mail if personal service could not be obtained. The Court opined, however:

> Service would be invalid even if it was shown that a copy of the summons was posted on the front door of his residence and a copy of the pleading was mailed to him less than ten days prior to entry of the *default judgment*.

*Id.* at 42 (emphasis on default judgment supplied). The Court then held that as "[a] *judgment by default* which is not founded on a sufficient and duly served process is void ... the judgment of the juvenile court was void and a legal nullity." *Id.* at 43 (emphasis supplied). Therefore, in circumstances virtually analogous to the proceedings herein, the Court of Appeals determined that an order entered by a juvenile court in a support proceeding where the respondent did not appear constituted a default judgment.

---

[2]   On brief, Martin asserts that certain specific evidence was adduced at the hearing, but the record is silent on the issue.

### III. *Conclusion*

For the reasons set out herein, this Court holds that in a support proceeding in a juvenile court, where service is effected by posting, the mailing requirement of Va. Code § 8.01-296(2)(b) must be satisfied for the service to be valid. This Court's holding is entirely consistent with the opinion of Judge John E. Wetsel, Jr., of the Circuit Court of Warren County in *Prillaman v. Prillaman*, 29 Va. Cir. 441 (1992).

Martin does not argue, nor was evidence presented, that McGee had actual knowledge of the underlying juvenile court proceedings. Hence, this Court need not decide the effect, if any, of the 1991 amendment to § 16.1-264 on footnote 2 of the *Garrity* decision. *See Garrity*, 11 Va. App. at 42, n. 2.

Accordingly, the August 30, 1991, order of the Fairfax Juvenile and Domestic Relations District Court is void, and the Rule to Show against Respondent, Robert McGee, must therefore be dismissed.