## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Steven E. Hankins

v.

Rebecca L. Hankins

January 6, 2003

Case No. CH02-813

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question in this case is whether a 1989 support order is void and must be vacated, notwithstanding several subsequent proceedings in which the obligor parent participated and failed to raise the issue.

*Facts*

On April 18, 1989, Mrs. Hankins filed in juvenile and domestic relations district court a petition for support. The respondent, Mr. Hankins, was her husband and the father of the two minor children named in the petition. Mr. Hankins' address was listed as Room # 4 of El Patio Motel in Stafford County.

On May 12, 1989, the summons issued for the respondent was returned "not found" by the Stafford County Sheriff's Office. Attached to the return was the following note: "Owner of motel said there is no Hankins living at Apt. 4. Also renters at Apt. 4 never heard of Mr. Hankins."

On May 15, 1989, the clerk's office of the juvenile court issued a witness subpoena for Mr. Hankins at 103 Lorraine Avenue in Spotsylvania County. Four days later, the Spotsylvania County Sheriff's Office returned the subpoena as served by posting.

The juvenile court entered an order of child support on June 6, 1989, obligating Mr. Hankins to pay $143.72 per week for the support of his two children. Payments were to be made to the Treasurer of Virginia by payroll deduction. Mrs. Hankins was present at the hearing; Mr. Hankins did not appear.

Thereafter, several enforcement proceedings, including at least two in South Carolina, were conducted. There is nothing in the record to indicate that Mr. Hankins ever raised the voidness issue in any of those proceedings.

On March 6, 2002, Mr. Hankins filed a petition in juvenile court seeking to vacate the 1989 support order. The juvenile court denied the petition on September 30, 2002, and Mr. Hankins appealed.

This court heard the case on December 16, 2002, and took it under advisement.

## Decision

An action for child support is generally an in personam action, therefore requiring personal jurisdiction over the obligor. See Swisher, Diehl, and Cottrell, *Virginia Family Law* (2d ed.) § 10-2.

In order to acquire such jurisdiction over an obligor parent, the parent must be personally served in Virginia or through personal service in accordance with the long-arm statute. If the action is in the juvenile court and the parent cannot be found but the address is known, service may be made by certified mail to that address with return receipt requested. Virginia Code § 16.1-264(1). Where the parent is served by "posting" in a juvenile court support proceeding, rather than by certified mail, the service is improper and any order resulting from the proceeding is void. *Garritty v. Virginia Department of Social Services*, 11 Va. App. 39 (1990).

Here, the first address for Mr. Hankins at the El Patio Motel in Stafford County proved to be incorrect. The sheriff's return stated "not found." Then, a witness subpoena was issued for Mr. Hankins at a Lorraine Avenue address in Spotsylvania County, and the sheriff's return indicated that it was posted at that address. No other service was attempted.

A witness subpoena is not service of process upon a party to an action. A witness subpoena instructs the person to whom it is directed to appear in court as a witness for a party on a certain date. Service of process notifies a party that a specified action has been instituted against him and that he should appear on a certain date to defend himself or otherwise to protect his interests. It may be argued that, if Mr. Hankins had carefully scrutinized the witness subpoena, he would have ascertained that the party for whom he was to testify

was him, thereby putting him on notice of the intended nature of the paper. This court is of the opinion that such an argument must fail. A witness subpoena is not a substitute for service of process in juvenile court procedure and, in any event, does not provide adequate actual notice.

A further flaw is that nothing in the record shows Mr. Hankins' connection with the Lorraine Avenue address. Obviously, he must have lived there in order for posted service to be effective, even in those cases where posted service is permitted, but there is no evidence that he lived there at the time of posting.

The final flaw is that posted service is not a permissible mode of service under § 16.1-264, and Garritty clearly holds that any attempt to obtain service by posting is void.

This leaves only the question of the impact of the subsequent proceedings. As noted above, there have been several enforcement proceedings, including at least two in South Carolina, since the original 1989 support order. It appears that Mr. Hankins was present at some of those hearings.

The court is of the opinion that Mr. Hankins' failure to raise the voidness issue in the enforcement proceedings has no effect on the voidness of the original order. Put another way, a void order cannot be validated in such manner. That order is a nullity and can be attached directly or collaterally at any time.

Accordingly, the 1989 support order is vacated.