COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner


CHRISTOPHER ANDRE S. W. QUINCER

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0693-12-4                             PER CURIAM
                                                    OCTOBER 23, 2012

COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 *ex rel*. TASHMESIA N. QUINCER


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                       Jay T. Swett, Judge Designate

            (Wayne Hartke; Hartke Law Offices, on brief), for appellant.

            (Kenneth T. Cuccinelli, II, Attorney General; Craig M. Burshem,
            Senior Assistant Attorney General; Beth J. Edwards, Regional Senior
            Assistant Attorney General; Nancy J. Crawford, Regional Senior
            Assistant Attorney General; Kathryn F. Fenske, Assistant Attorney
            General, on brief), for appellee.


        Christopher S.W. Andre Quincer (father) appeals an order denying father's motions and

granting the Division of Child Support Enforcement's (DCSE) motions to dismiss.  Father argues

that the trial court erred by (1) not ruling that DCSE lacked jurisdiction over father to enforce any

duty of child support against the father after DCSE issued an order dated December 10, 2002,

reciting zero due monthly; (2) failing to provide father with a statutorily required three-year review

of a child support order, regardless of whether there has been a change of circumstances, pursuant to

Code § 63.2-1903(E); (3) failing to rule that DCSE "lost its status as 'Ex Rel.' the Colorado mother

after the change of custody in favor of the Father on December 10, 2002 . . . and further Va. DCSE

lost its status under the Interstate Family Support Act" after Colorado asked Virginia to close its

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

case on May 8, 2006; (4) failing to rule that a "unilateral, and self-described 're-opening' of the case by Va. DCSE after the case had been requested to be closed by the Initiating State, Colorado, was without legal basis or authority under the Interstate Act"; and (5) failing to rule that there was extrinsic or intrinsic fraud by DCSE's attorney at the September 4, 2009 hearing, when DCSE's attorney referred to an "Advance Notice of Lien," which did not exist, and said misrepresentation affected the trial court "improperly." Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.[1] Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

In July 2002, an administrative support order was entered against the father. Father appealed to the juvenile and domestic relations district court (JDR court), which, on July 2, 2003, dismissed the appeal because it was not timely filed.

Subsequent to the entry of the administrative support order, specifically on December 6, 2002, the court entered an order awarding father physical custody of his child. Mother filed a motion to reconsider, and the December 6, 2002 order was suspended on December 27, 2002. On April 27, 2003, the trial court awarded sole custody to the mother.

On December 10, 2002, the DCSE issued an "Order/Notice to Withhold Income for Child Support," which required father's employer to deduct $0 for child support and $166.75 per month for past due child support.

---

[1] On July 16, 2012, father filed an opening brief which did not comply with the rules of this Court. Pursuant to an order dated July 26, 2012, the Court instructed father to file a replacement brief by August 5, 2012, which father did. Father also filed a motion for extension of time to file his first replacement brief. Since he timely filed the replacement brief, his request for an extension of time is denied as moot. DCSE filed a motion to dismiss, to which father responded in opposition. DCSE's motion to dismiss is denied. Father also filed a "Motion for Permission to File Second Replacement Brief of Appellant." Father's motion to file a second replacement brief is denied.

On April 3, 2009, the JDR court held a hearing on (1) DCSE's motion to enforce the administrative order, (2) a show cause pursuant to the administrative order, and (3) father's appeal of an administrative ruling regarding a garnishment. The JDR court's summary of proceedings stated, "Dismissed – see warrant." The ruling was appealed, and a hearing was held in the circuit court on July 6, 2009. The circuit court entered an order on May 4, 2010 with its rulings regarding the appeal of the April 3, 2009 order. The circuit court found, "Upon hearing the evidence and argument presented by counsel, this Court finds that, while father disobeyed the Administrative Support Order, his failure to pay was a result of involuntary and non-willful acts leading to his inability to pay the support previously ordered . . . ." The court held that father was not guilty of contempt and dismissed the rule to show cause. Neither party appealed this decision.

Meanwhile, on September 8, 2009, the JDR court clarified the ruling from April 3, 2009[2] and entered an order which denied the motion to enforce the order, dismissed the rule to show cause, and denied the appeal of the administrative ruling. The JDR court's ruling was appealed to the circuit court, which dismissed the appeal on November 17, 2009.

In 2011, father filed a "Motion to Reopen the case to protect the record" and a motion to dismiss the September 8, 2009 order because it was obtained by fraud. Father questioned the validity of the April 3, 2009 and the September 8, 2009 orders. DCSE filed motions to dismiss. On May 6, 2011, the JDR court entered an order granting DCSE's motions to dismiss and denying father's motions "to find . . . [the] September 8th, 2009 final order void and to rewrite

---

[2] The record is not clear why the DCSE did not challenge the jurisdiction of the JDR court to clarify the April 3, 2009 order when it already had been appealed to the circuit court. In its January 13, 2012 memorandum opinion, the trial court found that the JDR court "had no authority in September of 2009 to hear any matter involving the show cause proceeding even if it was limited to a clarification of what the Juvenile and Domestic Relations Court may have done earlier on April 3, 2009."

. . . [the] April 3rd, 2009 order, and to reopen the case to protect the record." Father appealed this decision to the circuit court.

In the circuit court, father argued that "all of the court actions were void and [the courts were] without any authority whatsoever to act" because the courts did not have subject matter or personal jurisdiction. On January 13, 2012, the circuit court issued a memorandum opinion denying father's motions. On March 16, 2012, the circuit court entered a final order, which incorporated the memorandum opinion of January 13, 2012. The trial court held, "The circuit court's order of November 17, 2009 was a disposition of the case on the merits addressing whatever issues were before the lower court that resulted in the appealed September 8, 2009 order. Therefore, there is no reason to reopen the case to protect the record as father suggests." Furthermore, the trial court acknowledged that the circuit court heard an appeal of the April 3, 2009 order and entered an order on May 4, 2010, which was not appealed. Lastly, the trial court found that there was "no basis" for father's argument that Virginia courts did not have jurisdiction to enforce the administrative support order and that "[a]ll courts which heard the disputes between the father and the Division [DCSE] had jurisdiction to entertain those actions." The trial court denied father's motions and granted DCSE's motions to dismiss. This appeal followed.

ANALYSIS

Jurisdiction – Assignment of Error 1

Father argues that the trial court did not have jurisdiction to issue the April 3, 2009 and September 8, 2009 orders. He contends the December 10, 2002 "Order/Notice to Withhold Income for Child Support" superseded the administrative support order previously issued. Since the "Order/Notice to Withhold Income for Child Support" recited that his child support obligation was zero, he asserts the courts did not have jurisdiction to enforce the prior

administrative support order and issue rulings on that prior administrative support order after the December 2002 order.

The DCSE argued that the December 10, 2002 "Order/Notice to Withhold Income for Child Support" did not supersede the prior administrative support order because a wage withholding notice cannot overturn an administrative support order.

Father had an opportunity to be heard prior to the entry of the April 3, 2009 and September 8, 2009 orders, and he had the right to appeal them. Both orders were appealed, and the circuit court heard *de novo* arguments. The circuit court entered orders regarding the appeal of these JDR orders on November 17, 2009 and May 4, 2010. Father did not appeal those decisions.

> Generally, a judgment or decree rendered by a court having jurisdiction over the parties and subject matter must be challenged by direct appeal and cannot be attacked collaterally. Eagle, Star & British Dominions Ins. Co. v. Heller, 149 Va. 82, 100, 140 S.E. 314, 319 (1927); cf. Garritty v. Virginia Dep't of Soc. Servs. ex rel. Sinift, 11 Va. App. 39, 41-42, 396 S.E.2d 150, 151 (1990). A party may, however, assail a void judgment at any time, by direct or collateral attack. Beck v. Semones' Adm'r, 145 Va. 429, 441, 134 S.E. 677, 680 (1926); Garritty, 11 Va. App. at 42, 396 S.E.2d at 151. Although a judgment obtained by "extrinsic fraud" is void and, therefore, subject to direct or collateral attack, a judgment obtained by "intrinsic fraud" is merely voidable and can be challenged only by direct appeal or by a direct attack in an independent proceeding. Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983); Holmes v. Holmes, 8 Va. App. 457, 458-59, 382 S.E.2d 27, 28 (1989).

Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993).

As stated by the trial court, "The father has had ample opportunity to address these matters, including by direct appeal to the circuit court or to higher appellate courts whenever those courts ruled against the father." There is no evidence that the judgments were void or voidable. Therefore, he cannot collaterally attack the prior court orders.

The trial court did not err in its ruling that the courts which previously heard the disputes between father and DCSE had jurisdiction over the matter.

### No ruling – Assignments of Error 2, 3, and 4

Father argues that the trial court "erred by failing to provide" father with a three-year review of the child support order, and "erred by failing to rule" on his arguments that DCSE lost its status as "*ex rel.*" the mother, and "erred in failing to rule" that DCSE "re-open[ed]" the case after Colorado requested it be closed. The trial court did not rule on any of these issues. Since father "failed to obtain a ruling from the court [and] . . . [b]ecause he was denied nothing by the trial court, there is no ruling for us to review." Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993) (citations omitted).

### Fraud – Assignment of Error 5

Father argues that the trial court erred by failing to rule that there was extrinsic fraud or intrinsic fraud committed by DCSE when it told the court in September 2009 that the February 24, 2009 administrative order was an "Advance Notice of Lien." After hearing evidence and argument in this matter, the trial court held, "There is no evidence that any fraud was committed by anyone."

Father did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments regarding alleged fraud.

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider the fifth assignment of error. See Fadness v. Fadness, 52

Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>