COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Causey and Bernhard
Argued at Fredericksburg, Virginia


PAUL J. PLOFCHAN, SR.

                                            MEMORANDUM OPINION[*] BY
v.       Record No. 0520-23-4         JUDGE DORIS HENDERSON CAUSEY
                                             OCTOBER 28, 2025

ZINGBOX, INC., ET AL.


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

Thomas K. Plofchan (Westlake Legal Group, PLLC, on brief), for
appellant.

Robert W. Angle for appellee Zingbox, Inc.[1]

No brief or argument for appellee Wells Fargo Bank, N.A.


The Loudoun County Circuit Court vacated Paul Plofchan, Sr.'s default judgment against

ZingBox, Inc.[2] and quashed garnishment proceedings against Wells Fargo,[3] in Plofchan's lawsuit

for unpaid sales commissions.  Finding no error, we affirm.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Because ZingBox filed its brief in opposition late and we denied its subsequent motions
requesting a time extension, we did not consider the brief.  We did, however, permit ZingBox to
present oral argument.

[2] We adopt the capitalization convention "ZingBox" as its company attorney and officers
used in its pleadings filed in the circuit court.

[3] Wells Fargo filed an answer in response to Plofchan's garnishment summons stating
that it held no monies of ZingBox.

BACKGROUND[4]

Plofchan filed a breach of contract complaint on August 11, 2020. Plofchan worked as a Regional Sales Manager with ZingBox from April 18, 2018 to September 19, 2019, when he was involuntarily terminated. ZingBox is a Delaware corporation with a principal place of business in California. According to the complaint, Plofchan was "eligible to receive annual sales commissions." Plofchan alleged that ZingBox breached the agreement between the parties by failing to pay to him "commissions on fully negotiated deals he secured prior" to his termination. The complaint lists the specific accounts for which Plofchan was allegedly owed compensation.

Plofchan's motion for default judgment filed on March 19, 2021, stated that ZingBox "was served on September 23, 2020 via substitute service by the Secretary of the Commonwealth" of Virginia and that no responsive pleading had been filed. At the time service was requested, the business search provided by the California Secretary of State listed "Xu Zou" as the registered agent and "465 Fairchild Drive, Ste. 207[,] Mountain View[,] CA 94043" as the address for Zou and ZingBox, Inc.[5] Attached to his motion was Plofchan's affidavit stating the amount he was owed. On April 2, 2021, the circuit court held a hearing on the motion for default but ordered that the matter be continued to April 16, 2021, so that concerns regarding personal jurisdiction over both Plofchan and ZingBox could be addressed.

On April 16, 2021, Plofchan presented an amended affidavit stating the following relevant allegations:

---

[4] This Court reviews the facts in the light most favorable to ZingBox, the prevailing party below. *See Specialty Hosps. of Wash., LLC v. Rappahannock Goodwill Indus., Inc.*, 283 Va. 348, 354 (2012); *City-to-City Auto Sales, LLC v. Harris*, 78 Va. App. 334, 340 (2023). In doing so, this Court grants ZingBox "the benefit of 'all reasonable inferences fairly deducible therefrom.'" *Marvin v. Marvin*, 51 Va. App. 619, 621 (2008) (quoting *Logan v. Fairfax Cnty. Dep't of Hum. Dev.*, 13 Va. App. 123, 128 (1991)).

[5] This search was performed on August 3, 2020.

1. In my employment with Zingbox, Inc., I was responsible for the entire Commonwealth of Virginia . . . . In that capacity I enrolled the Company in HMSS [sic] and designated Virginia as the Company's place of business.

. . . .

3. I met with clients in the Commonwealth of Virginia, to include Sentara Healthcare (headquarter in Norfolk), INOVA Health System (Northern Virginia and District of Columbia), MedStar Health System of Maryland (which has several locations in Virginia), Bon Secours System (headquarters in Richmond), Riverside (Newport News and Williamsburg), Virginia Commonwealth Medical Center and Carilion Roanoke. I also coordinated and conducted sales activity in other states while in Virginia.

4. I attended HIMSS meetings in Williamsburg, Virginia.

5. The commissions sought were earned in part by my efforts in Virginia.

That same day, the circuit court granted the default motion. On April 26, 2021, the circuit court entered a default judgment order that included the judgment amount of $171,438.[6] On August 10, 2021, ZingBox updated its "Corporation – Statement of Information" with the California Secretary of State, changing its business, mailing, and street address to "3000 Tannery Way, Palo Alto, California 95054"[7] and its registered agent to Corporation Service Company.

On June 7, 2022, ZingBox filed its motion to vacate default judgment and quash garnishment proceedings. ZingBox argued that the judgment should be vacated because it was "void due to lack of personal jurisdiction over Defendant" and because Plofchan "committed fraud on the Court in attempting to use the Secretary of the Commonwealth [of Virginia] to serve Defendant." Specifically, ZingBox asserted that there were insufficient contacts with Virginia for

---

[6] On March 22, 2022, Plofchan commenced garnishment proceedings with Wells Fargo listed as the garnishee.

[7] The city and state for this address and zip code is sometimes referred to as "Santa Clara" (as in Plofchan's counsel's March 11, 2020 letters to ZingBox) and "Palo Alto" (as in ZingBox's updated address with the California Secretary of State).

personal jurisdiction and that Plofchan had spoken with and mailed demand letters to ZingBox's in-house counsel at the Palo Alto address and knew that ZingBox had been sold and no longer operated out of the Mountain View address.

Plofchan responded that service was proper because Zou was listed as the registered agent at the Mountain View address with the California Secretary of State at the time service was requested. Plofchan also argued there were sufficient contacts with Virginia because he met with clients in Virginia and conducted sales activity in other states while located in Virginia. Plofchan asserted that "the commissions sought were earned in part by his efforts in Virginia."

After an evidentiary hearing, the circuit court entered its final order on February 22, 2023. The court adopted ZingBox's proposed findings of fact and conclusions of law listed in their post-hearing brief. In so doing, the court set aside and dismissed with prejudice the default judgment as void for lack of effective service of process and for lack of personal jurisdiction. This appeal followed.

## ANALYSIS

### I. Vacating the default judgment

In his first two assignments of error, Plofchan presents several procedural arguments concerning the circuit court's review and setting aside of his default judgment. Pursuant to Code § 8.01-428(A), a default judgment may be vacated and set aside upon a finding that the judgment is void. Whether to vacate a default judgment is a decision that this Court reviews for an abuse of discretion. *City-To-City Auto Sales, LLC v. Harris*, 78 Va. App. 334, 343-44 (2023). Therefore, "only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Pine Hill Grp., LLC v. Nass Grp., LLC*, 76 Va. App. 384, 388 (2023) (quoting *Stark v. Dinarany*, 73 Va. App. 733, 746 (2021)). "In order for a judgment or decree to be binding, the court rendering it must have jurisdiction over the parties and the subject matter. Judgments

- 4 -

without personal service of process within the state issuing it, or with service of process in a manner not authorized by law are void judgments." *Garritty v. Va. DSS ex rel. Sinift*, 11 Va. App. 39, 42 (1990). This Court has held that "[a] party may assail a void judgment at any time, by either direct or collateral assault." *Id.* (quoting *Morse v. Commonwealth*, 6 Va. App. 466, 468 (1988)).

### A. The evidentiary hearing and the review of another judge's final order

In his first assignment of error, Plofchan argues that the trial court "was not permitted to consider evidence" aside from evidence that was before the original trial court and that would not "contradict any fact deemed true by operation of the default judgment." In his second assignment of error, Plofchan states that "[t]he Court erred in setting aside the default judgment pursuant to Va. Code § 8.01-428(A) as the Court did not have authority to review and ignore the final opinion of another Circuit Court judge and impermissibly considered relief under the statute *de novo*." We hold that the arguments presented by these assignments of error[8] have been waived pursuant to the approbate-reprobate doctrine and Rule 5A:18.

When ZingBox filed their motion to vacate the default judgment, it was scheduled to be heard on the civil motions docket. Plofchan subsequently filed his objections and noted that the matter was then scheduled for the court's motion's day docket for 20 minutes. Plofchan stated that "this matter requires an evidentiary hearing and [should] be placed on the Court's docket for a two hour hearing."

Plofchan now argues that the circuit court did not have the authority to take new evidence on the issues of service and personal jurisdiction nor to conduct a hearing de novo. After

---

[8] We also hold that Plofchan's assignment of error 3(a) is waived for the same reason, as it also focuses on the scope of the trial court's review. It reads, "The Court erred in ignoring that the judge who granted the default judgment could, and did, properly find the factual allegations of the Complaint accurate as those allegations related to personal jurisdiction."

- 5 -

insisting that an evidentiary hearing be held, Plofchan cannot now state on appeal that it was error for the circuit court to do so. "The Supreme Court has held that '[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (alteration in original) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)).

Further, Plofchan identifies no place in the record in which he argued to the trial court that it should be limited in its consideration of the relevant evidence, nor that it should not conduct a de novo hearing. Plofchan points to paragraph five of his filed objections to the court's final order, which reads, "the Court was improperly acting in appellate review of another Circuit Court judge's final order in which facts and conclusions of law regarding the sufficiency of service were made. To the extent this is a challenge to the Circuit Court's jurisdiction, objection is made." This general objection, however, to the circuit court's "improperly acting as an appellate court" is not a specific argument that the court should not have considered certain evidence or that it should not have conducted a hearing de novo. Thus, any arguments regarding the circuit court's taking of evidence and de novo review have been waived for the purposes of this appeal. Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling[.]").

### B. Dismissal with prejudice

In his fifth assignment of error, Plofchan asserts that the trial court erred by dismissing his case with prejudice. Dismissing a case with prejudice is an exercise of judicial discretion. *See Primov v. Serco, Inc.*, 296 Va. 59, 67 (2018) (where appellate court uses an abuse of discretion standard to review dismissal with prejudice).

> In similar discretionary contexts, such as whether to grant a motion
> to reconsider or leave to amend, this Court has affirmed the circuit

court's discretion to dismiss the claim with prejudice when amendment or reconsideration "would accomplish nothing more than provide an opportunity for reargument of the question already decided."

*Id.* at 70.

Here, the circuit court dismissed the case after finding that the default judgment was void for insufficient service of process and lack of personal jurisdiction. Were the case reinstated on the circuit court's docket, Plofchan might be able to remedy the defect in service, but the court would still lack personal jurisdiction over ZingBox. Even after the court held an evidentiary hearing and Plofchan presented his own evidence, the court found that it could not exercise personal jurisdiction over ZingBox.[9] Thus, returning the matter to the circuit court's docket would result in another dispute concerning personal jurisdiction that had already been decided after an evidentiary hearing. Thus, the court did not abuse its discretion in dismissing the case after setting aside the default judgment.

II. The Commonwealth lacks personal jurisdiction over ZingBox.

In his assignments of error numbered 3(b) through 3(d), Plofchan argues that the trial court erred in holding that the court lacked personal jurisdiction over ZingBox. "Whether a court has acquired personal jurisdiction over a defendant presents a mixed question of law and fact." *Koons v. Crane*, 72 Va. App. 720, 732 (2021). "We defer to the circuit court's factual findings and view the facts in the light most favorable to [ZingBox], the prevailing party below, but we review *de novo* the court's application of the law to those facts." *Id.* This Court reviews issues of statutory construction de novo. *Id.*

Determinations of personal jurisdiction of an out-of-state party/defendant or non-resident require a two-part analysis under Virginia law. First, courts analyze whether jurisdiction is

---

[9] *Infra*, II under *Analysis*.

permitted under Virginia's long-arm statute. Second, if jurisdiction is available under the long-arm statute, we assess whether the exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Bergaust v. Flaherty*, 57 Va. App. 423, 436 (2011); *Carter v. Wake Forest Univ. Baptist Med. Ctr.*, 76 Va. App. 756, 765 (2023).

Under Virginia's long arm statute, "a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth [or] [c]ontracting to supply services or things in this Commonwealth." Code § 8.01-328.1(A)(1), (A)(2). A "'person' includes . . . a corporation" under the statute. Code § 8.01-328. "When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." Code § 8.01-328.1(C). The statute also states that "[u]sing a computer or computer network located in the Commonwealth shall constitute an act in the Commonwealth." Code § 8.01-328.1(B).

Hence, under Virginia's long-arm statute, Plofchan was required to establish that his cause of action sufficiently arose from ZingBox's: (a) transacting business in the Commonwealth; or (b) contracting to supply services or things in the Commonwealth. Second, Plofchan was required to show that the court's exercise of jurisdiction would not overstep the limits of due process. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (plaintiff bears the burden of demonstrating personal jurisdiction (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989))). *See also Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc.*, 218 Va. 533, 534 (1977) ("The purpose of our 'long arm statute' is to assert jurisdiction, to the extent permissible under the Due Process Clause of the Constitution of the United States, over nonresidents who engage in some purposeful activity in Virginia."). The circuit court found that he failed to provide sufficient evidence to satisfy either step.

Plofchan, as an agent of ZingBox, did conduct meetings with prospective clients in Virginia and used a computer in the Commonwealth. "[The statute] is a single act statute requiring only one transaction in Virginia to confer jurisdiction on its courts." *John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 740 (1971). Thus, if Plofchan's cause of action arose from those meetings or from that use of a computer, Plofchan may have been able to satisfy the first step of the test for personal jurisdiction.

But Plofchan's cause of action did not arise from any acts enumerated in Code § 8.01-328.1. As the trial court found, Plofchan never closed any sales for accounts located in the Commonwealth while employed by ZingBox, the ten accounts on which Plofchan states he is owed commissions are not located in Virginia, and Plofchan failed to demonstrate that he conducted client meetings in Virginia for any of the accounts for which he claimed he was owed commissions in this suit. We cannot say that those findings were plainly wrong or without evidence to support them. *See Koons*, 72 Va. App. at 732. Therefore, the present suit did not arise out of ZingBox's contacts with Virginia and the circuit court did not err in finding that default judgment was void for lack of personal jurisdiction. *See* Code § 8.01-328.1(A)(1).

III. Plofchan's service of ZingBox was ineffective under the statute.

In his fourth assignment of error, Plofchan challenges the trial court's rulings concerning personal service. Code § 8.01-329(B) permits "service . . . to be made on the Secretary, [when] the party . . . seeking service . . . file[s] an affidavit with the court, stating either (i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, the party seeking service has been unable to locate the person to be served." The code section then continues: "In either case, such affidavit shall set forth the last known address of the person to be served." *Id.*

The Due Process Clause of the Fourteenth Amendment also sets forth notice requirements: "An elementary and fundamental requirement of due process in any proceeding

- 9 -

which is to be accorded finality is notice *reasonably calculated*, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Va. Polytechnic Inst. & State Univ. v. Prosper Fin. Inc.*, 284 Va. 474, 482 (2012) (emphasis added) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  Thus, the Fourth Circuit has held that parties may accomplish service by furnishing the last known address only when "process is sent to the address at which the parties regularly corresponded by mail, and the party serving process reasonably could expect that process would reach the defendant at that address." *Va. Lime Co. v. Craigsville Distrib. Co.*, 670 F.2d 1366, 1368 (4th Cir. 1982).

The trial court in this case determined that Plofchan "did not direct service of the Complaint to the address at which he reasonably expected Zingbox [sic] to actually receive it based upon all the information known or reasonably available to him."  In support of this finding, the trial court adopted ZingBox's proposed factual findings, which noted that Plofchan was notified of ZingBox's impending move "[o]n at least three separate occasions during his employment."  Among these occasions was an "'all-hands' meeting" in which Plofchan was told that "all future legal concerns should be directed to Palo Alto's legal team."  The adopted findings also noted that after Plofchan's employment was terminated but before the filing of the relevant complaint, Plofchan exchanged correspondence with the legal team at ZingBox's new offices in Santa Clara multiple times.  Finally, the findings noted that Plofchan admitted that before listing the corporation's Mountain View address as its last known address, he did not attempt to verify that the address was correct, despite having sent other legal correspondence to the new address.  These factual findings of the trial court "will be reversed on appeal only if [they] are plainly wrong or without evidence to support them." *Sauder v. Ferguson*, 289 Va.

449, 460 (2015) (quoting *Specialty Hosps. of Wash., LLC v. Rappahannock Goodwill Indus., Inc.*, 283 Va. 348, 354 (2012)).

On appeal, Plofchan does not substantively contradict the factual findings of the circuit court. Instead, Plofchan emphasizes his compliance with the statutory affidavit requirement and argues that because the Mountain View address was still listed with the California Secretary of State as the registered agent address, service at that address was reasonably calculated to inform ZingBox of the lawsuit. Clearly, it was ZingBox's responsibility to update the identity of its registered agent and the registered agent's address. But in this case, the trial court found that Plofchan's specific interactions with ZingBox made any belief that ZingBox could be reached at that address, though listed as the registered agent's address, unreasonable. We cannot say that this finding was "plainly wrong or without evidence to support" it. *See id.* Because Plofchan did not reasonably believe that service at the Mountain View address would reach ZingBox, service at that address was not reasonably calculated to apprise ZingBox of the pendency of the action. *See Va. Polytechnic Inst.*, 284 Va. at 482. Therefore, the circuit court did not err in finding that the default judgment was void for lack of effective service of process.

Finally, Plofchan argues that because ZingBox appeared generally and did not appear specially to challenge personal jurisdiction, any defect to service is waived. Under Code § 8.01-277.1, "a person waives any objection to personal jurisdiction or defective process if he *engages in conduct related to adjudicating the merits of the case*." Code § 8.01-277.1(A) (emphasis added). ZingBox did not file a responsive pleading, conduct discovery, seek a ruling on the merits, or participate in proceedings for the determination of the merits. Thus, ZingBox has not waived its challenge to jurisdiction or service.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*